United States District Court
District of Massachusetts

| | |
|---|---|
| GARRET JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 22-10287-NMG |
| ) | |
| DEAN GRAY, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In May, 2023, this Court dismissed the petition for a writ of habeas corpus filed by Garret Jackson ("Jackson" or "petitioner"). Shortly thereafter, Jackson filed an application for a certificate of appealability (Docket No. 41), which the First Circuit Court of Appeals has instructed this Court either to issue or deny on or before June 23, 2023. For the following reasons, that motion will be denied.

I. **Background**

In May, 2011, after a jury trial in Massachusetts Superior Court for Suffolk County, Jackson was convicted of first-degree murder and three other crimes. Jackson appealed and, in February, 2021, the Massachusetts Supreme Judicial Court ("the SJC") affirmed all of his convictions.

In February, 2022, Jackson filed a petition for a writ of

habeas corpus in this Court. In his petition, he asserted two grounds for relief: 1) the Massachusetts state courts unreasonably applied federal law by failing to require the prosecutor to give a race-neutral reason for challenging Juror No. 115 and 2) the Massachusetts state courts did not follow federal law and/or make a reasonable determination of the facts by accepting the prosecutor's reason for striking Juror No. 13.

In May, 2022, Magistrate Judge Hennessy granted petitioner's motion to appoint him counsel in this action. Counsel filed a memorandum of law in support of the petition in December, 2022, to which respondent replied in February, 2023. This Court dismissed the petition in May, 2023. Jackson now moves for a certificate of appealability and has submitted, through counsel, a memorandum in support of that motion.

## II. **Certificate of Appealability**

### A. Legal Standard

Section 2253(c) of Title 28 of the United States Code provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing", a petitioner seeking such a certificate must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

> presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). To meet the standard of debatable-among-jurists-of-reason, the petitioner must prove "something more than the absence of frivolity or the existence of mere good faith on his or her part." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (cleaned up).

### B. Application

Jackson has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In its decision, the SJC carefully considered whether the trial judge erred in determining that certain peremptory strikes as to Jurors No. 115 and 13 were permissible under Batson v. Kentucky, 476 U.S. 79 (1986) and its progeny. The SJC found that the trial judge had not abused his discretion in ruling upon either of defense counsel's Batson challenges. Upon its review of the state court proceedings and the SJC's decision, this Court dismissed Jackson's petition for a writ of habeas corpus in its May, 2023 Memorandum and Order (Docket No. 37).

In his memorandum in support of a certificate of appealability as to the first grounds of his petition, Jackson contends that the SJC and, in turn, this Court, relied on different grounds than did the trial court in evaluating the peremptory strike and Batson challenge made with respect to

Juror No. 115. As the record demonstrates and as the SJC noted in its opinion, however, the Batson challenge made by defense counsel at trial was confusing and diffuse. In the context and totality of the circumstances, the SJC determined that the trial judge did not abuse his discretion when he found that defendant had not met his burden of production at the first step of the Batson framework. This Court found no fault with that conclusion. Reasonable jurists could not debate the dismissal of the first ground of the petition.

As to the second argument for relief asserted in his petition, Jackson moves for a certificate of appealability with respect to his contention that the purportedly race-neutral reason given by the prosecutor for striking Juror No. 13 was a frivolous pretext for racial discrimination. Juror No. 13 had two sons in their early twenties (very near in age to the defendant) who had experienced the criminal justice system as defendants, which the trial judge found might cause her to harbor a bias against the prosecution. That was a fact-intensive finding which depended in large part upon the trial judge's determination of credibility. The SJC concluded that the trial judge did not abuse his discretion when he accepted that justification for the prosecution's peremptory strike at step three of the Batson framework. In view of the proceedings in the trial court and the decision of the SJC, this Court again

determines that reasonable jurists could not debate its dismissal of this ground of Jackson's petition.

**ORDER**

For the foregoing reasons, the motion for a certificate of appealability (Docket No. 41) is **DENIED**.

**So ordered.**

   /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated:  June 23, 2023